## GRKIC v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 18, 1924.)

No. 3392.

I. Aliens ⬦51—Alien entering United States for immoral purposes held subject to deportation.

Alien entering United States for immoral purposes, belonging to class excluded by Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), is subject to deportation, under section 19 (section 4289¼jj).

2. Aliens ⬦46—Use of semicolon and comma in Immigration Act defined.

In Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), the semicolons separate various classes of aliens subject to deportation, and the comma only shows subdivisions of a class.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Proceeding by the United States against Yela Grkic. From an adverse order, defendant brings error. Affirmed.

A. W. Richter, of Milwaukee, Wis., for plaintiff in error.

Roy L. Morse, of Milwaukee, Wis., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The order of deportation found that appellant entered the United States for an immoral purpose. The evidence, under the interpretation of United States v. Bitty, 208 U. S. 393, 28 S. Ct. 396, 52 L. Ed. 543, brings appellant squarely within the provisions of section 3 of the Immigration Act of February 5, 1917 (39 Stat. 29, p. 874 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]).

[1] The only contention here is that appellant is not subject to deportation under section 19 of said act because, it is claimed, she is not one of the persons therein specifically enumerated. Section 19, in one sentence, terminating with the words "shall, upon the warrant of the Secretary of Labor, be taken into custody and deported," enumerates all of the persons subject to deportation thereunder. A portion of section 19 is as follows (39 Stat. p. 889 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]):

"That at any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; any alien who shall have entered or who shall be found in the United States in violation of this act, or in violation of any other law of the United States; any alien who at any time after entry shall be found advocating or teaching the unlawful destruction of property, or advocating or teaching anarchy, or the overthrow by force or violence of the government of the United States or of all forms of law or the assassination of public officials; any alien who

within five years after entry becomes a public charge from causes not affirmatively shown to have arisen subsequent to landing; except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpiture, committed at any time after entry; any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States. * * * "

[2] Appellant erroneously printed the above part of section 19 by using commas instead of semicolons. In punctuation, the semicolon is used to separate a completed thought in one clause from other related matter in another clause of the sentence. In section 19 the semicolon has been used to separate the various classes subject to deportation. The comma is only used in the construction of the clauses to show the subdivisions of a class. In the first class is included "any alien who at the time of entry was a member of one or more of the classes excluded by law." As shown, appellant belongs to a class excluded by section 3 of the Immigration Act, and is therefore subject to deportation.

The order of the District Court is affirmed.