CHANG CHAN, WONG HUNG KAY, YEE SIN JUNG ET AL. *v.* NAGLE, COMMISSIONER OF IMMI-GRATION.

ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 770. Argued April 17, 20, 1925.—Decided May 25, 1925.

1. Chinese women, being themselves ineligible to citizenship, do not become citizens of the United States by marrying American citizens. Rev. Stats. § 2169; Act of Sept. 22, 1922, c. 411, 42 Stat. 1022. P. 351.

2. Chinese women who, before the date of the Immigration Act of 1924, married American citizens of the Chinese race permanently domiciled in this country, were debarred by the Act from coming here to join their husbands, (no treaty right being involved,) since § 13 (c) forbids admission of aliens ineligible to citizenship, with certain exceptions which do not include such wives. P. 352.

3. Such Chinese wives, coming here to join their husbands, are immigrants as defined by § 3 of the Act.    P. 352.

4. That consular officers must issue them visas does not signify that such wives must be admitted—in view of § 2 (g) of the Act, expressly declaring that an immigration visa shall not entitle an immigrant to enter if upon arrival he is found inadmissible under the immigration laws.   *Id.*

5. The provision of § 4 of the Immigration Act, 1924, classifying wives and minor children of citizens of the United States residing here, etc., as non-quota immigrants, cannot be incorporated among the exceptions of § 13 (c) upon the theory that it was omitted by oversight.   *Id.*

6. The hardships of a case, and suppositions of what is rational and consistent in immigration policy, cannot justify a court in departing from the plain terms of an immigration act.   P. 353.

QUESTION certified by the Circuit Court of Appeals, arising upon appeal of a decision of the District Court, (see *Ex parte Chan Shee,* 2 Fed. (2d) 998), refusing relief by *habeas corpus* to the appellants, who were the husbands of four Chinese women detained by the immigration authorities, and the wives themselves.

*Mr. Frederick D. McKenney* and *Mr. George A. McGowan,* with whom *Messrs. Jackson H. Ralston, John L. McNab, Roger O'Donnell, George W. Hott, W. J. Peters, M. Walton Hendry, J. P. Fallon, O. P. Stidger, W. G. Becktell* and *Gaston Straus* were on the brief, for appellants.

A study of the provisions of the Act shows that by clause (a) of § 4, using the broadest language, the unmarried child under 18 years, or the wife, of an American citizen is a non-quota immigrant.   To such it is the duty of the consular officer to issue a visa.   The wife, for instance, does not have the right of entry because related to a non-quota immigrant or a non-immigrant, or because of being excepted from the operation of any other law regulating or forbidding immigration, as provided in § 5, but because she is the wife of an American citizen and her domicile is the domicile of her husband.

Under § 8 the consular officer, on satisfactory proof being furnished him that the applicant is entitled to be regarded as a non-quota immigrant, may issue an immigration visa to her.

In § 9, clause (b), any citizen of the United States claiming his wife under provisions of subdivision (a) of § 4, may file a suitable petition, and under clause (e) of the same section the Commissioner-General, finding the facts to be true and that she is entitled to be admitted to the United States as a non-quota immigrant under subdivision (a) of § 4, shall inform the Secretary of State of his decision, and the Secretary of State shall then authorize the consular officer with whom the application for the immigration visa has been filed to issue it, the only limitation upon the right to enter, consequent upon such action, being that if she seeks to enter as a non-quota immigrant she shall not do so if, on arrival, she is not found to be that sort of immigrant.

By § 13, clause (a), the Chinese wife of an American citizen has a right to admission as a non-quota immigrant if specified in the immigration visa as such and otherwise admissible under the immigration laws, the latter clause finding its natural purpose in the provisions as to health and character, of broad general nature.

We are next confronted with clause (c) of § 13, prohibiting, not the granting of visas, which in themselves recognize a right to admission, but prohibiting admission except under the provisions of sub-divisions (b), (d), and (e) of § 4 or because not an immigrant as defined in § 3.

Although the right to admission has been fully recognized three or four times over through the provisos directing the granting of visas, it is now argued that, if a visa must be granted, and such right cannot be disputed, yet the wife of an American citizen leaving China in the high hope of accompanying or joining her husband is to be

turned back on reaching an American port because " ineligible to citizenship." The two interpretations cannot stand. The right to papers authorizing admission is as strong in itself, as stated in the statute, as any power of rejection, because ineligible to citizenship, can possibly be believed to be. From the reports of the committees and the statements of the committee chairmen on the floor of the House, it is evident that Congress did not intend by this legislation to exclude from American soil the wife of any American citizen.

The only doubt arises under the Act because, while in § 13 express reference is made to subdivisions (b), (d) and (e) of § 4, by some apparent slip no reference was made to subdivision (a) of § 4 referring to the unmarried children under 18 years or the wife of a citizen of the United States.

That there was nothing but a slip and that the intent of Congress was unmistakably shown by all the prior sections to which we have alluded is only made the stronger by reference to subdivisions (d) and (e). Under (d) we find that a Buddist missionary, or a Chinese instructor may come into the United States and following his occupation remain here for the remainder of his life with his wife and children under 18 entering with or following him.

For decisions of lower courts as to right to admission of Chinese-born wives of American citizens, see *Ex Parte Goon Dip,* 1 Fed. (2d) 811; *Case of Chiu Shee,* 1 Fed. (2d) 798.

On the status of the Chinese wife of an American-born citizen before the Immigration Act of 1924, see *Tsoi Sim v. United States,* 116 Fed. 920; *Looe Shee v. North,* 170 Fed. 566; *Low Wah Suey v. Backus,* 225 U. S., 460; *Mackenzie v. Hare,* 239 U. S. 299; *Tinker v. Colwell,* 193 U. S. 473; *Anderson v. Watt,* 130 U. S. 695; *Maynard v. Hill,* 125 U. S. 211.

Under the law and the decisions as they stood up to July 1, 1924, there could have been no doubt as to the right of admission to the United States of the petitioners, and the burden rests upon the Government of showing that the Act manifests a clear intent to change this condition.

We should not submit this matter without strongly emphasizing the fact that the husbands of the women in whose behalf the writs of habeas corpus in these matters are sought are citizens of the United States permanently residing and domiciled therein, and that their rights as such citizens are before this Court. To hold that these women are debarred from admission to the United States under the Immigration Act of 1924 means that their husbands are to be permanently separated from them unless they abandon the country of their birth and citizenship, and take up their residence in some other land which permits their wives to reside with them.

Mr. *Assistant Attorney General Donovan*, with whom the *Solicitor General* was on the brief, for appellee.

Mr. *Henry W. Taft* filed a brief as *amicus curiae* by special leave of Court.

Mr. Justice McReynolds delivered the opinion of the Court.

Petitioners, Chang Chan and three others, claiming to be native born citizens of the United States permanently domiciled therein, sought release from detention by the Immigration Commissioner of four young Chinese women, alleged to be their lawful wives wedded in China prior to July 1, 1924. On that day the young women were on the high seas as passengers upon the President Lincoln. Arriving at San Francisco, July eleventh, without immigration visés as provided for by § 9, Immigration Act of 1924, c. 190, 43 Stat. 153, they sought and were

finally denied permanent admission. In support of this action the Secretary of Labor said—

"Neither the citizenship of the alleged husband, nor the relationship of the applicant to him, has been investigated for the reason that even if it were conceded that both elements exist she would still be inadmissible, as Section 13 of the Act of 1924 mandatorily excludes the wives of United States citizens of the Chinese race if such wives are of a race or persons ineligible to citizenship, and the Department has no alternative than to recommend exclusion."

The court below inquires, Jud. Code, § 239: "Should the petitioners be refused admission to the United States either, (a) because of the want of a visé; or (b) because of want of right of admission if found to be Chinese wives of American citizens?"

This cause involves no claim of right granted or guaranteed by treaty and is therefore radically different from *Cheung Sum Shee et al.* v. *John D. Nagle, etc.,* this day decided, *ante,* p. 336.

The excluded wives are alien Chinese ineligible to citizenship here. Rev. Stat. 2169; Act May 6, 1882, c. 126, § 14, 22 Stat. 58, 61. Notwithstanding their marriage to citizens of the United States they did not become citizens and remained incapable of naturalization.

Prior to September 22, 1922, Rev. Stat. 1994 applied. It provided—

"Any woman who is now or may hereafter be married to a citizen of the United States, and who might herself be lawfully naturalized, shall be deemed a citizen."

Since that date c. 411, 42 Stat. 1021, 1022, has been in force. It provides—

SEC. 2. "That any woman who marries a citizen of the United States after the passage of this Act, or any woman whose husband is naturalized after the passage of this Act, shall not become a citizen of the United States

by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws. . . ."

Sec. 13 (c), Immigration Act of 1924, declares—

" No alien ineligible to citizenship shall be admitted to the United States unless such alien (1) is admissible as a non-quota immigrant under the provisions of subdivision (b), (d), or (e) of section 4, or (2) is the wife, or the unmarried child under eighteen years of age, of an immigrant admissible under such subdivision (d), and is accompanying or following to join him, or (3) is not an immigrant as defined in section 3."

Subdivisions (b), (d) and (e) of § 4 apply to immigrants previously lawfully admitted, immigrants who seek to enter as religious ministers or professors, and to students. They are not controlling here. An immigrant is defined in § 3 as " any alien departing from any place outside the United States destined for the United States," with certain exceptions, none of which describes the present applicants.

Taken in their ordinary sense the words of the statute plainly exclude petitioners' wives.

We cannot accept the theory that as consular officers are required to issue visés to Chinese wives of American citizens therefore they must be admitted. A sufficient answer to this is found in § 2(g)—

" Nothing in this Act shall be construed to entitle an immigrant, to whom an immigration visa has been issued, to enter the United States, if, upon arrival in the United States, he is found to be inadmissible to the United States under the immigration laws."

Nor can we approve the suggestion that the provisions contained in Subdivision (a)* of § 4 were omitted from

* "An immigrant who is the unmarried child under 18 years of age, or the wife, of a citizen of the United States who resides therein at the time of the filing of a petition under section 9."

the exceptions in § 13(c) because of some obvious over-
sight and should now be treated as if incorporated therein.
Although descriptive of certain " non-quota immigrants,"
that subdivision is subject to the positive inhibition
against all aliens ineligible to citizenship who do not fall
within definitely specified and narrowly restricted classes.

In response to the demand for an interpretation of the
Act which will avoid hardships and further a supposed
rational and consistent policy, it suffices to refer to what
we have said in *Yee Won* v. *White,* 256 U..S. 399, 401,
402; *Chung Fook* v. *White,* 264 U. S. 443, 445, 446; *Com-
missioner, etc.* v. *Gottlieb,* 265 U. S. 310, 314.

The applicants should be refused admission if found to
be Chinese wives of American citizens.  It is unnecessary
now to consider the requirements of the Act in respect
of visés.