**SIW OI et al. v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit, May 24, 1926.)

No. 4802.

1. **Aliens** ⬥⟹25—Native-born citizen and merchant cannot invoke advantages conferred on Chinese merchants in determining whether daughter, adopted while traveling in China, was admissible.

Native-born citizen of the United States, though a merchant, cannot invoke advantages conferred on Chinese merchants under treaties in determining whether daughter, adopted while traveling in China, was admissible.

2. **Aliens** ⬥⟹25—Agreement of native-born citizen, while traveling in China, to adopt girl as daughter, held insufficient to show adoption, in absence of showing of law or custom of China.

Agreement of native-born citizen, while traveling in China, to adopt Chinese girl as his daughter, *held* insufficient to show adoption, in absence of proof of law or custom of China with respect to adoption.

3. **Aliens** ⬥⟹25—Chinese wife of native-born citizen held properly excluded as accompanying alien, where orphan girl, brought to United States by citizen and wife, was excluded and found helpless from infancy (Immigration Act 1917, § 18 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼j]).

Where American-born citizen married in China and returned, bringing with him his wife and a Chinese orphan, *held*, that child being denied admission and found helpless from infancy, within Immigration Act 1917, § 18 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼j), wife was properly excluded as accompanying alien.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Application by Siw Oi and another for writ of habeas corpus against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco, Cal. From a judgment denying the writ, petitioners appeal. Affirmed.

Stephen M. White, of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. On October 10, 1923, Siw Kwai Wing, a native-born citizen of the United States and a merchant therein, married in China Young Shoop Yin, his third wife. In 1924 he returned to the

United States, bringing with him his said wife and Siw Oi, a Chinese orphan girl nine years of age. He was admitted as a citizen of the United States. His wife sought admission as the wife of a citizen, and admission was sought for the minor child as the adopted daughter of a citizen. Upon a hearing before a board of special inquiry, it was shown that while in China a clansman of Siw Kwai Wing brought the said child to him, and that he agreed to adopt her as his daughter. No papers were executed, and no legal form of adoption was followed. All that was done was that, on leaving China, Siw Kwai Wing brought with him on his way to the United States a young girl, the possession of whom had been surrendered to him a fortnight before. It was the decision of the board that the child was not admissible, and that, in view of her tender age, it would be necessary to hold the accompanying foster mother as an "accompanying alien." Thereafter, having found that the child was helpless from infancy within the meaning of section 18 of the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼j), the board held that the accompanying alien must also be excluded.

[1-3] For the appellants it is said that the question here presented is whether an adopted daughter, whose father is by occupation a merchant, is admissible. We are unable to agree that the occupation of the alleged foster father enters into the consideration of the question. His citizenship, by virtue of his birth in the United States, confers upon him rights no greater than those possessed by any other American citizen. He cannot invoke the advantages conferred upon Chinese merchants under treaties between the United States and China, or statutes based thereon. Weedin v. Mon Hin, 4 F(2d) 533; Cheung Sum Shee v. Nagle, 268 U. S. 346, 45 S. Ct. 539, 69 L. Ed. 985.

Reduced to its simplest terms, the problem here concerns the right of an American citizen while traveling in China to take into his possession a Chinese child, unrelated to him, and without form or ceremony bring it into the United States. It is not necessary to inquire what would have been his right, had he legally adopted the child. What may be the law or custom of China with regard to adoption is not shown. While in the United States there is no common law on the subject, each individual state requires that appropriate writings be made and recorded, and in most states it is required that judicial sanction be had. White v. Kwock Sue Lum (C. C. A.) 291 F. 732. Clearly the proof

here is insufficient to show adoption. We think, also, that Young Shoop Yin was properly excluded as an accompanying alien.

The judgment of the court below, denying the writ of habeas corpus, is affirmed.