**UNITED STATES ex rel. PALERMO v. SMITH, Director of Immigration.**

(Circuit Court of Appeals, Second Circuit. February 7, 1927.)

No. 164.

**1. Statutes ⊜188—Semicolon in statute indicates clause containing complete and separate thought.**

Punctuation in statute by semicolon is indicative of complete thought in one clause, separate from the other clauses of such statute.

**2. Aliens ⊜53—Alien pardoned in Italy for murder committed there before entry should be deported (Comp. St. § 4289¼jj).**

Pardon of alien's crime will prevent deportation, under Comp. St. §§ 4289¼jj, only when crime was committed within five years after entry, so that alien pardoned in Italy for murder committed there before entry should be deported.

**3. Pardon ⊜9—"Pardon" releases punishment and blots out existence of guilt.**

"Pardon" in United States releases punishment and blots out existence of guilt, so that in eyes of law offender is as innocent as if he had never committed the offense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pardon.]

Appeal from the District Court of the United States for the Western District of New York.

Nicholo Palermo sued out a writ of habeas corpus after he had been ordered deported by Shirley D. Smith, Director of Immigration. The writ was sustained (11 F.[2d] 980), and defendant appeals. Reversed.

Richard H. Templeton, U. S. Atty., and Henry McKinley Erb, Asst. U. S. Atty., both of Buffalo, N. Y., for plaintiff in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. Nicholo Palermo, a native of Italy, came to the United States in December, 1919, at the age of 66 years. In 1924 he was arrested on a warrant of the Department of Labor, charging that he was a person likely to become a public charge at the time of his entry, and that he had been convicted of the crime of murder—a crime involving moral turpitude—prior to his entry into the United States. At the hearing, the alien admitted that he had been arrested, convicted, and sentenced to death in December, 1883, and that in July, 1884, the death sentence was commuted to life imprisonment at hard labor. He served this sentence in prison until January 7, 1919, at which time he was pardoned and released from prison. He was ordered deported after a hearing before

the immigration inspector, and thereafter the order was confirmed by the Acting Secretary of Labor. He thereupon sued out this writ. The District Judge reversed the order of deportation and ordered his discharge.

The act under which it is desired to deport this alien is as follows:

" * * *; except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported * * *; any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported: * * * Provided further, That the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the state, make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this act; nor shall any alien convicted as aforesaid be deported until after the termination of his imprisonment." Comp. St. § 4289¼jj.

[1, 2] The provision relating to aliens convicted in this country of a crime involving moral turpitude is prefaced by the phrase "except as hereinafter provided." This provision is set off from other clauses of section 19 (Comp. St. § 4289¼jj) by semicolon. Such punctuation by semicolon is indicative of a complete thought in one clause separate from the other clauses of the statute. Grkic v. United States (C. C. A.) 3 F.(2d) 276. The phrase, "that the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned," we think, refers to the provision relating to aliens convicted of a crime in this country. It does not refer to the other phrase, again separated by semicolon, that any alien who was convicted or who admits conviction, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude. It will be observed that in the former class of convicted aliens there is the provision which is part of the clause "except as hereinafter provided." These words are omitted in referring to the latter classification. We must deduce the conclusion that Congress employed the proviso, "except as hereinafter provided," intending to refer only to aliens convicted after their entry into the country. [3] It may well be that Congress took into consideration the difficulty of obtaining accurate information of those who were pardoned by a foreign government. The granting of a pardon by the President of the United States for a crime committed against the United States has been held not to void punishment where one commits a crime later against the state as a second offender. Carlesi v. New York, 233 U. S. 51, 34 S. Ct. 576, 58 L. Ed. 843. But the effect of a free pardon in this country has been referred to by the Supreme Court as releasing the punishment and blotting out the existence of guilt, so that in the eyes of the law the offender is as innocent as if he had never committed the offense. And "it makes him, as it were, a new man, and gives him a new credit and capacity." Ex parte Garland, 4 Wall. 333, 18 L. Ed. 366. But the effect of a pardon in Italy or with other nationals, in restoring any such qualities, probably was unknown to Congress, and this may have been an additional reason why it did not provide the same exoneration for an alien convicted prior to entry into the country as is provided in the case of one who was pardoned of a crime committed after his entry into this country. We need not consider the difference between commutation and pardon. Deportation is not a punishment. It is an exercise of one of the most fundamental rights of a sovereign, a right which is exercised by legislation thereto. Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549; United States ex rel. Brazier v. Commissioner (C. C. A.) 5 F.(2d) 162. The question with us is merely one of construction of the statute, and we construe it to mean that a pardon is of assistance to the alien only when the crime of which he is pardoned was committed within the five-year period after entry into the country.

We need not consider the other point argued as to whether or not the defendant in error was likely to become a public charge. The immigration inspector and the Secretary of Labor were justified in ordering the deporta-

tion of the alien, because of his conviction of the crime of murder, involving moral turpitude, prior to his entry.

Order reversed.