## UNITED STATES ex rel. AMATO v. COMMISSIONER OF IMMIGRATION, ELLIS ISLAND, NEW YORK HARBOR.

District Court, S. D. New York.

Feb. 24, 1937.

R. L. Cherurg, of New York City, for petitioner.

Lamar Hardy, U. S. Atty., of New York City (John W. Knox, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

The relator is an alien. He was twice convicted in the New York State courts of crimes committed in this country after his last entry in 1921. The first conviction was in 1930 of second-degree burglary; the second in 1934 of petit larceny.

Throughout the deportation proceeding the alien was represented by counsel and

his hearing was fair. The only questions under the applicable statute (8 U.S.C.A. § 155), therefore, are: (1) Did each crime mentioned above involve moral turpitude? (2) Was each sentence for one year or more? If both answers be in the affirmative, the statute peremptorily requires deportation.

It is conceded, as is obvious, that burglary involves moral turpitude. The sentence imposed for it in the case under consideration was from two and a half to five years. The conviction of and sentence for that offense plainly meet, and (save in a single respect later discussed) it is not denied that they meet, the requirements of the statute. Thus the inquiry is reduced to the 1934 offense and sentence.

■ As to the petit larceny charge, it is established by controlling authority that the crime involves moral turpitude. United States ex rel. Meyer v. Day (C. C.A.) 54 F.(2d) 336, 337. The sentence was indeterminate. The state law providing for its imposition (section 4 of chapter 579 of the New York Laws of 1915) prescribed that the term of imprisonment under it should "not exceed three years." Within the meaning of section 155 of title 8 of the United States Code, the appellate court whose rulings must be accepted by this court has settled that such a sentence was for three years, the maximum for which pursuant to the sentence incarceration was possible, and hence was for more than one year. United States ex rel. Paladino v. Commissioner of Immigration (C.C.A.) 43 F.(2d) 821; United States ex rel. Popoff v. Reimer (C.C.A.) 79 F.(2d) 513.

The relator testified before the immigration officials (minutes of hearing held February 7, 1935, p. 11), in substance, that he was not guilty of either offense of which he was convicted. In his behalf it is argued that his guilt is not shown.

■■ The records of the courts in which he was sentenced—put in evidence at the hearing—show, however, that he was adjudged guilty by those courts. This court is not free to go behind those judgments [United States ex rel. Meyer v. Day (C. C.A.) 54 F.(2d) 336, 337]; nor, inasmuch as the records constituted some evidence of guilt, is this court free to reverse the finding of guilt by the executive officials.

United States ex rel. Shore v. Corsi (C. C.A.) 61 F.(2d) 761.

It follows that the writ must be dismissed. Settle order on two days' notice.