**MERCER v. LENCE, District Director, Immigration and Naturalization Service, Department of Labor et al.**

No. 1606.

Circuit Court of Appeals, Tenth Circuit.

April 12, 1938.

Marshall Chapman, of Twin Falls, Idaho (Fred J. Babcock, of Boise, Idaho, and Orr Chapman, of Twin Falls, Idaho, on the brief), for appellant.

Scott M. Matheson, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., and John S. Boyden, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

On April 9, 1935, a warrant of arrest for appellant, an alien, was issued by the United States Department of Labor, under charge that he had been convicted of or admitted having committed a felony or other crime or misdemeanor involving moral turpitude prior to entry into the United States, to wit, conspiracy to defraud, in violation of the Immigration Act of February 5, 1917, 39 Stat. 874.

Hearing thereon before an Immigrant Inspector at Boise, Idaho, on September 16, 1935, deportation was recommended, and later at Washington, D. C., before a board of review, deportation was again recommended.

On July 3, 1936, warrant was issued by the Secretary of Labor for his deportation to Canada on ground that appellant had been convicted of a felony or other crime or misdemeanor involving moral turpitude prior to entry into the United States, to wit, conspiracy to defraud one out of a large sum of money, in accordance with provisions of section 19 of Immigration Act of February 5, 1917, 8 U.S.C.A. § 155. On March 29, 1937, appellant filed petition in the District Court of the United States for the District of Utah, for writ of habeas corpus, which was issued on that date. Hearing thereon being held, testimony was taken among which exhibits were introduced in evidence.

On June 23, 1937, trial court discharged such writ, remanding appellant to custody for deportation to Dominion of Canada, from which order this appeal is prosecuted.

Appellant makes the following contentions: (1) Government failed to establish that prior to his entry into the United States he was convicted of a felony or other crime or misdemeanor; (2) that, if so convicted, moral turpitude was not therein involved; (3) such conviction in Canada is void for reason that court did not observe provisions of statutes of Canada in fixing punishment; and (4) that prior to entry into the United States he had received a full and complete pardon.

1. Appellant entered United States on May 17, 1932, under a nonquota immigration visa issued by the American Consulate at Calgary, Canada. Warrant of arrest and of deportation was based upon that part of section 155, 8 U.S.C.A., which provides: " * * * at any time within five years after entry * * * except as hereinafter provided, any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, or who is sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry; * * * any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. [Provided:] * * * The provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned,

nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the State, make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this act [subchapter]; nor shall any alien convicted as aforesaid be deported until after the termination of his imprisonment."

The government established appellant's prior conviction in Canada by introduction of Exhibits B, C, D, and G, certified to by clerk of district court of Edmonton, Province of Alberta, Dominion of Canada.

At hearing, appellant admitted that he was the same John L. Mercer who was defendant in said case.

Appellant's contention that the government failed to establish a conviction prior to entry into the United States is based upon fact that it failed to prove the statute of the Dominion of Canada under which appellant was convicted prior to such entry. 59 C.J., § 755. It is not upon a statute of Canada but section 19 of said Act of Congress of February 5, 1917, section 155, 8 U.S.C.A., upon which government here relies. Certified copy of indictment or charge, "calendar of sentences," and minute entries of the trial and the oral judgment of the court setting forth statute, all of which are contained in the certified exhibits introduced, together with the admissions of appellant in open court, were ample evidence of such conviction. He admitted in open court under examination that he was tried, convicted, and sentenced and fined for conspiracy to defraud by deceit and falsehood one Gottlieb Klotz out of a large sum of money. His contention is without merit.

2. As to second contention that statutes of Canada must be resorted to in order to determine whether such crime involves moral turpitude, and that without proof as to such foreign statute as to whether the crime for which he was convicted involved moral turpitude, such question cannot here be determined: "The accused are charged under Section 444 of the Criminal Code; that every one is guilty of an indictable offence and liable to seven years' imprisonment who conspires with any other person, by deceit or falsehood or other fraudulent means, to defraud the public or any person, ascertained or unascertained, or to affect the public market price of stocks, shares, merchandise, or anything else publicly sold, whether such deceit or falsehood or other fraudulent means would or would not amount to a false pretense as hereinbefore defined." (Excerpt from Canadian judge's statements.)

Moral turpitude referred to in said section 155 must be determined according to our standard. Record of conviction adequately discloses that he was convicted for conspiring to defraud a person by deceit and falsehood. Under our standards this involves an offense of moral turpitude, our courts looking upon such crimes as involving moral turpitudes within the meaning of such statute. United States v. Burmaster, 8th Cir., 24 F.2d 57; Bartos v. U. S. District Court, 8th Cir., 19 F.2d 722; Ng Sui Wing v. U. S., 7th Cir., 46 F.2d 755; Coykendall v. Skrmetta, 5th Cir., 22 F.2d 120; Nishimoto v. Nagle, 9th Cir., 44 F.2d 304; U. S. v. Day, 2d Cir., 51 F.2d 1022; Tassari v. Schmucker, 4th Cir., 53 F.2d 570, 571; Tillinghast v. Edmead, 1st Cir., 31 F.2d 81. See, also, U. S. v. Karnuth, D.C., 30 F.2d 825; Ponzi v. Ward, D.C., 7 F.Supp. 736; U. S. ex rel. Amato v. Commissioner of Immigration, D.C., 18 F.Supp. 480; U. S. v. Uhl, D.C., 203 F. 152; and In re Henry, 15 Idaho 755, 99 P. 1054, 21 L.R.A.,N.S., 207.

3. As to contention that Canadian court was without jurisdiction and sentence was void. The burden was upon him which he has failed to sustain. Belt v. Zerbst, Warden, 10th Cir., 82 F.2d 18.

4. Appellant seeks advantage of that provision in section 155, 8 U.S.C.A., as follows: "The provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned," by showing a legislative pardon by the Dominion of Canada, a statute in force at the time of his conviction which in part is as follows: "Section 1078. When any offender has been convicted of an offense not punishable with death, and has endured the punishment adjudged or has been convicted of an offence punishable with death and the sentence of death has been commuted, and the offender has endured the punishment to which his sentence was commuted, the punishment so endured shall, as to the offence whereof the offender was so convicted, have the like effect and consequences as a pardon under the great seal."

Prior to his entry into the United States, when said statute was in force in Canada, he had endured the punishment to which he was sentenced. Under section 155, 8 U.S.C.A., there is no distinction between a legislative and an executive pardon. U. S. v. Perkins, D.C., 17 F.Supp. 851. The pardon referred to in said section 155, 8 U.S.C.A., does not apply to foreign pardons for crimes committed prior to entry into the United States, but to pardons granted in this country for crimes committed here. U. S. v. Smith, 2d Cir., 17 F.2d 534; and Weedin v. Hempel, 9th Cir., 28 F.2d 603. In the latter case it was held that pardon of alien in foreign country, after conviction of embezzlement, did not preclude deportation under Immigration Act 1917, section 19, 8 U. S.C.A. § 155, the provision therein relating to effect of pardon in cases of conviction in this country.

The judgment of the lower court should be, and is, affirmed.