**UNITED STATES ex rel. CONSOLA v. KARNUTH, Director of Immigration.**

No. 110.

Circuit Court of Appeals, Second Circuit.

Dec. 18, 1939.

Israel Rumizen, of Buffalo, N. Y., for appellant.

R. Norman Kirchgraber, of Buffalo, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a writ of habeas corpus to review a warrant of deportation on the ground that the alien admits having committed a crime involving moral turpitude, prior to entry into the United States. The relator was born in Italy on October 25, 1906, came to the United States with his mother when about three years old, and thereafter lived with his parents at Niagara Falls. On April 16, 1929, in the Province of Ontario in company with another, he robbed a bank of some $2,000, and returned to the United States at some time before the 1st of May of that year. He was arrested in Brockton, Massachusetts, waived extradition, and was taken by Canadian police officers back to Canada for prosecution. On May 22nd, he pleaded guilty before a Canadian court

to the charge of "armed robbery", and was sentenced to a term of fifteen years. He was pardoned and released on October 8, 1937, and the Canadian immigration officers on the same day delivered him under a standing agreement to the United States immigration officers at Niagara Falls. Here he was given a hearing by an examiner under a warrant of arrest for deportation, issued on October 9th, which charged him with an unlawful entry and with having been convicted, "or" with admitting the commission, of a crime involving moral turpitude before entry. Upon his examination he admitted that he had committed the crime for which he had been sentenced, and a warrant of deportation was issued on February 1, 1938, based upon his entry without an immigration visa from Canada on October 8th, 1937. This was supplemented on August 12, 1938, by a second warrant, based upon the same entry, but on the ground that he had admitted committing a crime involving moral turpitude before entry. He took out a writ of habeas corpus to review both these warrants, and Judge Knight held that the entry on October 8, 1937, could not be made the basis of his deportation, because of the agreement just mentioned, which had stipulated that while he was in Canada, his status should remain as it had been before he was taken there, and that the United States officials should receive him back. He was therefore released from both these warrants, but held to await the issuance of another, based upon his entry in April, 1929. The warrant of deportation now under review was then issued without further examination, or other warrant of arrest. Judge Knight dismissed the writ of habeas corpus to this warrant, and the relator appealed.

The first complaint is as to the form of the original and only warrant of arrest, which was in the alternative. It has been long customary to put more than one ground of deportation in a warrant of arrest (which is in any event no more than pleading and process combined) and we do not understand that the relator now objects on that score. If so, the objection is futile; such a warrant is no more than an instance of joinder, and results in no injustice, for all the grounds can be conveniently heard together. We understand the complaint to be to the alternative form of the second ground for deportation; conviction or admission of the crime in question. In Browne v. Zurbrick, 45 F.2d 931, 934, the Sixth Circuit, in holding that an admission must be of a crime committed outside the United States, said obiter that otherwise a charge in the alternative would be bad. However that may be, and as to it we say nothing, here the crime was committed outside the United States, and it has never been held, so far as we know, that conviction or admission of such a crime may not be laid in the alternative. We cannot see any possible objection to such a warrant.

Next the relator complains that he was given no new hearing after Judge Knight vacated the first two warrants. None was necessary. The warrant of arrest did not lay the entry as of October, 1937, and supported the third warrant of deportation as of the earlier date. So did the evidence which consisted merely of the relator's admission that he had committed the crime. We can indeed see no reason why a new warrant of deportation need have issued at all, or why the Secretary should not have been allowed merely to amend the warrants by changing the time of entry; at most a purely formal matter, which involved no interest of the relator, and was quite different from deporting him upon a ground not charged in the warrant of arrest. The entry of April, 1929, was proved, though its exact time and place were not; it was enough that the relator had been in Canada on April 16, 1929, and in Brockton on May 1, 1929; he must meanwhile have entered at some place.

The other points are even more trivial than those we have considered. The relator was pardoned by the Canadian authorities, and that is urged as an excuse. It was not. United States ex rel. Palermo v. Smith, 2 Cir., 17 F.2d 534. Again it is argued that, as he was held up at the border in 1937, he had not entered and could not be deported. The facts are otherwise. The Canadian officials would not accept him at all in 1929 except on the assurance of the United States authorities that after he had suffered his punishment, they would receive him back; Canada did not wish to have him on her hands. Hence, when the Canadian officials returned him to our own, he was here, though we at once proceeded to deport him. Thus there is no reason to upset the warrant and the order was right. Nevertheless, we cannot forbear once more to call attention to the extreme harshness of the result. This man is an American in all but the most formal sense; yet, although he has paid

the penalty of his crime, he must now suffer the added punishment of perpetual exile, merely because he chanced to be born three years too soon. It is impossible to be indifferent to the fate of these unfortunate outcasts, however unworthy, or even dangerous, they may be.

Order affirmed.