### Ex parte BOUISS.
### No. 1589.

District Court, W. D. Washington, N. D.
July 25, 1946.

66

Leo Levenson, of Portland, Or., and John Caughlan, of Seattle, Wash., for petitioner.

J. Charles Dennis, U. S. Atty., by Tom Durham, Asst. U. S. Atty., all of Seattle, Wash., for respondent.

McCORMICK, District Judge.

John A. Bouiss, a citizen of the United States and the holder of an honorable discharge certificate from the armed forces of the Nation for service in the Second World War, petitions for the writ of habeas corpus to release his lawful wife from the custody of the Immigration Officers by whom she is detained for deportation.

The writ is sought upon the ground that the detention of Mrs. Bouiss is unlawful in that she is the lawful wife of the petitioner and that as such she is lawfully admissible to the United States as a non-quota immigrant pursuant to Public Law 271, 79th Congress, Chapter 591, First Session, approved December 28, 1945, 8 U.S.C.A. § 232, and under Section 4(a) of the Immigration Act of 1924, 8 U.S.C.A. § 204(a).

The detained alien has been by the Immigration authorities precluded from entering the United States with her husband, who was returning from overseas military duty in Japan, upon the sole ground that she is "ineligible to citizenship."

The position of the Government is based entirely upon a generalized phrase in the Act of December 28, 1945, supra, which limits the application of its privileges and preferences to alien spouses or alien children of the service men "if otherwise admissible under the Immigration laws." And it is asserted that as Mrs. Bouiss is a person of mixed racial bloods, being one-half White and one-half Japanese, proscribed by regulations duly promulgated by the Commissioner of Immigration and Naturalization, Title 8, Regulations 350.1, 350.2, Racial Limitations upon Naturalization as of March 1, 1944, and thus ineligible to citizenship, she is also to be excluded from entering the United States under the provisions of Subsection (c) of Section 13 of the Immigration Act of 1924, Title 8 U.S.C.A. § 213(c).

When consideration is given to the definition of a non-quota immigrant in Section 4(a) of the Immigration Act of 1924, Mrs. Bouiss, even though ineligible to naturalization, is admissible to the United States as a non-quota immigrant. This section reads:

"Nonquota immigrant defined. * * * The term 'nonquota immigrant' means— (a) An immigrant who is the unmarried child under twenty-one years of age, or the wife, or the husband of a citizen of the United States: Provided, That the marriage shall have occurred prior to issuance of visa and, * * *."

No question is raised as to the marital or health status of Mrs. Bouiss upon her arrival with her husband at Seattle, Washington. Her marriage to the petitioner took place on the high seas en route to the United States and it occurred prior to the issuance of the visa.

But even if it be held that under the restrictive literal terms of Section 13(c) of the Immigration Act of 1924, 8 U.S.C.A. § 213(c), and in line with the decision of the Supreme Court in Chang Chan v. Nagle, 1925, 268 U.S. 346, 45 S.Ct. 540, 69 L.Ed. 988, the wife of the petitioner should be excluded from the United States, we think that such conclusion is unwarranted if the patent purpose of the whole of the Act of December 28, 1945, is given consideration.

■ This remedial statute was enacted in a post-bellum environment which found millions of the personnel of the armed forces of the Nation in distant and widely separated foreign areas around the globe. Its broad and comprehensive terms clearly state the purpose and object which Congress sought to accomplish by this legislative innovation. The intent to keep intact all conjugal and family relationships and responsibilities of honorably discharged service men of the Second World War is clearly expressed, and the obvious purpose to safeguard the social and domestic consequences of marriage of service men while absent from the United States must take precedence over a generalized phrase which if interpreted along purely racial lines would frustrate the plain purpose of the whole statute. Such a construction should not be adopted.

See Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226; Ozawa v. United States, 260 U.S. 178 at page 194, 43 S.Ct. 65, 67 L.Ed. 199; Cabell v. Markham, 2 Cir., 1945, 148 F.2d 737; United States v. 21 Pounds 8 Ounces of Platinum, 4 Cir., 1945, 147 F.2d 78.

It follows that the writ of habeas corpus should issue to release Helene Emilie Bouiss from the custody of the respondent Acting District Director, Immigration and Naturalization Service, Department of Justice, Seattle, Washington, and it is so ordered.