## SOHAIBY v. SAVORETTI.
### No. 13446.

United States Court of Appeals
Fifth Circuit.
March 22, 1952.

Nestor Morales, Miami, Fla., for appellant.

Douglas P. Lillis, Asst. Adjudications Officer, Immigration & Naturalization Service, Miami, Fla., Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from an order dismissing her petition for habeas corpus, appellant seeks here the relief denied below.

Pointing out that the American Consul at Santiago, Cuba, had, on March 31, 1950, issued a visa authorizing her to enter the United States as a permanent resident, she insists that she has been unlawfully excluded from entry and is being unlawfully held for deportation.

This is the record. To the order to show cause issued on her petition, respondent filed a full return. It alleged: (1) that the petitioner had, on November 18, 1941, in Santiago, Cuba, been convicted of an offense involving moral turpitude, to-wit, maintaining a house of prostitution, and had served a six months' sentence imposed therefor; (2) that she is, therefore, by Sec. 3 of the Immigration Act of February 5, 1917,[1] as amended, 8 U.S.C.A. § 136, excluded from admission to the United States; and (3) that, after a full hearing before the Board of Special Inquiry held at Miami, she had been excluded from entry and is being held for deportation pursuant to Sec. 154, Title 8 U.S.C.A.

1. "Sec. 3—The following classes of aliens shall be excluded from admission into the United States: * * * persons who have been convicted of or admit having committed a felony or other crime or misdemeanor involving moral turpitude * * *."

Upon consideration of the record of the hearing attached to and made a part of her conviction as alleged, the district judge, of the opinion that the return was sufficient, ordered the petition for habeas corpus dismissed but stayed the deportation until this court had heard the appeal. He did this because the record showed also, (1) that on November 21, 1949, she had obtained a full pardon, upon a showing of "irreproachable" conduct for the nearly ten years since her conviction, (2) that, with the approval of the State Department, she had obtained a visa for entry into the United States, and (3) that her husband, in 1948, and her small daughter, in 1950, were admitted on permanent residence visas to, and were living in, the United States, where the husband was gainfully and permanently employed.

Here petitioner, apparently recognizing that under the authorities,[2] while a domestic pardon will, a foreign pardon will not, prevent deportation upon the basis of an offense involving moral turpitude, grounds her claim to relief solely upon the U.S. Department of State memorandum[3] which was the basis of her visa.

 The appellee, meeting appellant's position head on, points out that while the law directs that the State Department shall not issue an immigration visa to an alien not admissible to the United States under the immigration laws, it further provides that the issuance of an immigration visa by the State Department is not a guarantee of an alien's admission to the United States, 8 U.S.C.A. § 202(f) (g), Chang Chan v. Nagle, 268 U.S. 346, 45 S.Ct. 540, 69 L.Ed. 988, and that it is settled law that the Attorney General is the final administrative arbiter of an alien's admissibility to the United States under Sec. 16 of the Immigration Act of February 5, 1917, as amended, 8 U.S.C.A. § 152.

2. United States ex rel. Palermo v. Smith, 2 Cir., 17 F.2d 534; United States ex rel. Consola v. Karnuth, D.C., 27 F.Supp. 461, affirmed 2 Cir., 108 F.2d 178; Weedin v. Hempel, 9 Cir., 28 F.2d 603; Mercer v. Lence, 10 Cir., 96 F.2d 122.

3. "It appears from the information furnished in the operation memorandum under reference that the alien was convicted in 1941 on the ground that she was the 'keeper of a disorderly house.'

"The Department has held that since the language used in the provisions of Section 3 of the Immigration Act of Feb. 5, 1917, as amended, relating to 'prostitutes' and 'persons who are supported by or receive in whole or part the proceeds of prostitution' is in the present tense, the fact that such persons admitted or were convicted of having formerly engaged in such activities would not operate to render them excludable from the United States under Sec. 3 of the Act cited.

"It is suggested, therefore, in the event an investigation fails to disclose that Mrs. Sohaiby is a prostitute or is supported by or receiving the proceeds of prostitution or is coming to the United States for the purpose of prostitution or for any other immoral purpose, the consular officer should give consideration to the question whether, because of moral deficiencies or because of a previous police record, it would be likely that she would come into conflict with the authorities of the law and become a charge upon the public as a result of prosecution, conviction and imprisonment.

"With respect to the question whether crimes of sexual immorality involve moral turpitude, it should be observed that the language providing for the exclusion of prostitutes or persons coming to the United States for prostitution or for any other immoral purpose is special language whereas the language relating to persons who admit or who have been convicted of an offense involving moral turpitude is general language. The Department has concluded, therefore, that the Act under consideration intended the exclusion of aliens guilty of sexual immorality to be regulated by the first named provision rather than by the moral turpitude clause as such.

"If, however, an examination of the record of conviction or the admissions of an alien disclose the presence of elements other than sexual immorality as, for example, violence, actual or constructive, as in cases of rape or carnal knowledge, or where there is an element indicating degeneracy, such cases should be forwarded to the Department for an advisory opinion as to whether the offense committed involves moral turpitude. If available, certified copies of (a) the charges forming the basis of the conviction, (b) the provisions of law under which such charges were predicated and (c) the judgment of the Court should be included in the report."

Though we find ourselves in complete agreement with appellee's view that the law is as stated by it and that the evidence furnishes no legal basis for the relief sought by appellant, we are greatly impressed with the showing for relief on a humanitarian basis made by the undisputed facts of record. This is that, though the record furnishes an undoubted legal basis for appellant's exclusion, in that she was convicted of an offense of moral turpitude, it also shows that this offense was committed more than ten years ago, that, as stated in her pardon, she has since lived an "irreproachable" life, and that her purpose in coming to the United States is to join her family.

While, therefore, the record furnishes no legal basis for a reversal of the order appealed from and, therefore, none for our granting relief on such a basis, Cf. Chang Chan v. Nagle, supra, and cases it cites, we deem it not inappropriate to say: that the case made for the exercise of executive clemency if at all possible is an impressive one; and that our affirmance of the order of the district judge is entered without prejudice to the granting of such clemency.