**Wallace F. THRALL, Plaintiff,**

v.

**Cecil M. WOLFE, Regional Commissioner, Internal Revenue Service, and George P. Shultz, Secretary of Treasury, Defendants.**

**No. 72–C–413.**

United States District Court,
E. D. Wisconsin.

Nov. 21, 1972.

Charles C. Victor, Marinette, Wis., for plaintiff.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for summary judgment, contending that there is no issue to be tried and that they are entitled to judgment as a matter of law. I agree with the defendants' contention that there is no issue of fact for trial. However, I believe that the plaintiff, rather than the defendants, is entitled to judgment as a matter of law.

The pleadings and the documents submitted in connection with the motion for summary judgment demonstrate that the plaintiff applied for a license as a dealer in firearms pursuant to 18 U.S.C. § 923 (a), but his application was denied because of his having been convicted of a felony in a state court in Montana on June 26, 1942. Mr. Thrall was formally pardoned by the governor of Montana on December 8, 1971. The pardon provided, in part, as follows:

". . . I do hereby grant Wallace F. Thrall Full Pardon and Restoration of all Civil Rights lost by reason of the above conviction, and the right to receive, possess, or transport in commerce a firearm."

In support of a motion for summary judgment, the defendants urge that the decision to deny the license may not be disturbed unless the court finds that the secretary was not authorized to reach his decision. The language relied on by the defendants is contained in 18 U.S.C. § 923(f)(3) and provides as follows:

"If the court decides that the Secretary was not authorized to deny the application or to revoke the license, the court shall order the Secretary to take such action as may be necessary to comply with the judgment of the court."

The defendants also contend in their brief that their "basis for not giving effect to plaintiff's pardon by Montana authorities was that the Governor's pardon did not expunge plaintiff's 1942 conviction. . . ." I find no support for this contention; indeed, its rationale flies directly in the face of the clear language of the pardon itself. The pardon was a full and unconditional one and entitled Mr. Thrall to a restoration of full rights. In United States ex rel. Palermo v. Smith, 17 F.2d 534 (2d Cir. 1927), the court stated:

". . . the effect of a free pardon in this country has been referred to by the Supreme Court as releasing the punishment and blotting out the existence of guilt, so that in the eyes of the law the offender is as innocent as if he had never committed the offense. And 'it makes him, as it were, a new man, and gives him a new credit and capacity.'"

Although the defendants have moved for summary judgment, and the plaintiff has not, I believe that the plaintiff is entitled to the relief demanded in the complaint. Upon the submission of such a motion, it would be my intention to grant judgment in favor of the plaintiff.

Therefore, it is ordered that the defendants' motion for summary judgment be and hereby is denied.