MATTER OF M——

## In DEPORTATION Proceedings

### A-7898650

*Decided by Board September 24, 1959*

Crime involving moral turpitude—Conviction by foreign military court is conviction within immigration laws—Exemption as to petty offense not applicable when punishment actually imposed exceeded six months.

(1) Conviction by Italian Military Court (Tribunal of War) in Somaliland is a "conviction" within the meaning of the immigration laws.

(2) Conviction by foreign military court of aggravated theft (in the amount of 300 liras or $15.78), although equivalent to petit larceny under United States standards, is not a "petty offense" within section 4 of the Act of September 3, 1954, when the punishment actually imposed was imprisonment for more than six months.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer than the permitted period after admission as a nonimmigrant under the 9th proviso to section 3 of the Act of 1917 (8 U.S.C. 136, 1940 ed.).

### BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a decision of the special inquiry officer, dated August 13, 1959, holding the alien deportable, granting voluntary departure, but refusing deferral of proceedings pending consideration of the section 245 application.

Respondent, a 45-year-old native and citizen of Italy, last entered the United States at New York on November 13, 1950, under the 9th proviso to section 3 of the Act of 1917. The original period of admission was to February 16, 1951. Thereafter, respondent applied for adjustment of the record of entry to that of permanent residence under section 2 of the Act of March 28, 1951 [Public Law 82-14]. Although in 1950 respondent was originally in possession of a quota immigrant visa, issued at the American Consulate at Marseille, France, he was admitted temporarily because of his service in the armed forces of Italy during World War II.

In connection with the application for adjustment, it was learned that respondent had been convicted on October 2, 1937, by the Tribunal of War in Somaliland of aggravated theft. For this

offense he was sentenced to imprisonment for three years (to be converted to military confinement) and fined 2,000 liras plus costs. Having later been granted an amnesty and a certificate of rehabilitation, he is regarded as having no criminal record under Italian law although the foreign amnesty was unavailing for immigration purposes. However, on March 15, 1954, the Immigration Service determined that respondent was nevertheless inadmissible to the United States under section 3 of the Act of 1917 as an alien convicted of a crime involving moral turpitude (theft). Hence, it was held that respondent was ineligible for adjustment of record under section 2 of the Act of March 28, 1951, and the request was denied.

During the deportation hearing, counsel requested termination for purposes of having the question of respondent's admissibility for permanent residence tested in exclusion proceedings. The special inquiry officer overruled this suggestion, determining that the alien is properly subject to action in deportation rather than exclusion proceedings. Counsel's request that the deportation proceedings be held in abeyance pending action on the section 245 application was denied by the special inquiry officer on the ground that the two proceedings were now independent.

On appeal, counsel contends that respondent's case should be considered in relation to section 4 of the Act of September 3, 1954 [Public Law 83–770]. The record reveals that respondent may be eligible under section 4, for he has been convicted of only one crime. *Matter of H——*, 6 I. & N. Dec. 614 (B.I.A., 1955); *Matter of H——*, 6 I. & N. Dec. 435 (B.I.A., 1954); *Matter of M——*, 7 I. & N. Dec. 147 (B.I.A., 1956); *Matter of S——R——*, 7 I. & N. Dec. 495 (B.I.A., 1957).

Section 4 provides that a crime is considered a petty offense if the "punishment actually imposed" does not exceed six months' imprisonment or a $500 fine, or both. 18 U.S.C. 1(3). Because the crime under discussion was committed in a foreign country, the criminal penalty involved must be judged on the basis of United States standards as found in the District of Columbia Code. *Matter of T——*, 6 I. & N. Dec. 508 (Atty. Gen., 1955).

According to section 22–2202 of the District of Columbia Code, larceny of property valued at less than $50 is petit larceny. Here, the property involved (gold earrings) was valued at 300 liras or $15.78.[1] This amount was equivalent to petit larceny in the District of Columbia, which was punishable by a maximum fine of $200 and a maximum imprisonment of one year. However, the sentence actually imposed on respondent by the Tribunal of War in Somali-

---

[1] On August 24, 1937, the date the offense was committed, the lira was valued at $.0526. *Banking and Monetary Statistics*, Fed. Res. System, 1943, at p. 673.

land was three years' military confinement and a fine of 2,000 liras or $105.20.

Hence, the punishment actually imposed exceeds the test set out in 18 U.S.C. 1(3) and respondent's crime may not be considered a petty offense under section 4 of Public Law 83-770. *Matter of G——A——*, 7 I. & N. Dec. 274 (B.I.A., 1956); *Matter of T——*, Int. Dec. No. 997 (B.I.A., 1956); *Maniga* v. *Shaughnessy*, unreported, S.D.N.Y., 1956, Civ. No. 109-226; *Ganduxe y Marino* v. *Murff*, unreported, S.D.N.Y., 1959, Civ. No. 135-400.

Counsel further contends that the 1954 denial of adjustment of the record of entry was erroneous, for respondent's conviction by the Italian Military Court was not a conviction within the meaning of the immigration laws, citing *Matter of P——*, 1 I. & N. Dec. 33, 34.

It is well settled that foreign pardons are ineffective to erase a foreign criminal conviction for immigration purposes, because of the many differences incidental to their grant and effect. *Mercer* v. *Lence*, 96 F.2d 122 (C.A. 10, 1938), cert. den. 305 U.S. 611; *Weedin* v. *Hempel*, 28 F.2d 603 (C.A. 9, 1928); *United States ex rel. Palermo* v. *Smith*, 17 F.2d 534 (C.A. 2, 1927). By analogy, we feel that we must take foreign convictions (military or otherwise) as we find them. It would be unfortunate (and the problems unlimited), if we were to draw comparisons between United States legal procedures and those of other countries operating under quite different legal systems.

Hence, *the cited case no longer represents the prevailing view* and counsel's contention must be overruled.

Counsel suggested below that exclusion, rather than deportation, is the proper forum for a determination of respondent's right to remain in this country. However, since respondent was actually admitted to the United States in 1950, although in a temporary status, the present deportation proceeding is entirely appropriate. Consequently, the request for termination of the proceedings must be overruled and the appeal dismissed.

Order: It is hereby directed that the appeal be dismissed.