MATTER OF NAND

In Deportation Proceedings

A-17955476

*Decided by Board July 24, 1969*

A foreign record of respondent's conviction in Fiji, signed and attested to by the clerk of court as a certified true copy, accompanied by a certification of signature and position of the clerk of court made by an American vice-consul, is properly authenticated under Rule 44(a)(2) of the Federal Rules of Civil Procedure, as amended December 31, 1967, so as to support an order of deportation based on such criminal conviction.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—crime conviction: breaking, entering and larceny in violation of sections 327(a) and 288(1) of the Penal Code of Fiji.

ON BEHALF OF RESPONDENT:
Emanuel P. Razeto, Esquire
1414 Central Building
Oakland, California 94612
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
Stephen M. Suffin
Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer entered January 8, 1969 finding the respondent deportable on the charge stated in the order to show cause, denying the respondent's application for permanent resident status under section 245 of the Immigration and Nationality Act, granting voluntary departure in lieu of deportation on or before February 8, 1969 with the further order that if the respondent failed to depart when and as required, he be deported to Canada, alternatively, to Fiji.

The record relates to a native of Fiji, a subject of Great Britain, 33 years old, male, married, who last entered the United States at Blaine, Washington on March 24, 1967 as a temporary visitor. On January 14, 1958 the respondent was convicted by the

Magistrate Court of the First Class at Suva, Fiji, of breaking, entering and larceny committed January 12, 1958 and was sentenced to 12 months imprisonment. His appeal on the ground that the sentence was too severe for the crime committed was dismissed on February 10, 1958 (Ex. 4).

The crime of breaking, entering and larceny is a crime involving moral turpitude. Inasmuch as the punishment actually imposed was more than six months, the crime is not classifiable as a petty offense under the provisions of section 1.3 of Title 18 of the United States Code.[1] The respondent is deportable as charged in the order to show cause. The respondent has been convicted of a crime involving moral turpitude not classifiable as a petty offense, and since he is not eligible for a waiver thereof under section 212(h) because of the lack of the required familial ties in the United States, he is ineligible for adjustment of status to that of a permanent resident. His application for that relief was properly denied. However, the special inquiry officer has granted the respondent voluntary departure in lieu of deportation. The Service is not opposed to that grant. The grant of voluntary departure will be approved.

Counsel in his brief and at oral argument contends that the proof of conviction adduced at the hearing (Ex. 4) is insufficient to support an order for deportation inasmuch as it is not accompanied by a certificate showing that the attesting officer had custody of the record as required by Rule 44 of the Federal Rules of Civil Procedure. In support of this contention he cites *Chew* v. *Boyd*, 309 F.2d 857 (9 Cir., 1962), and *McNeil* v. *Kennedy*, 289 F.2d 323 (D.C. Cir., 1962).

Rule 44 of the Federal Rules of Civil Procedure as amended December 31, 1967 (Title 28, Appendix, Fed. R. Civ. P., 1964 ed. Supp. III 1965–1967) deals with authentication of two types of official records. Rule 44(a)(2) made a change in the requirement for authentication of foreign official records as contrasted with authentication of domestic records, governed by Rule 44(a)(1), which adhered to the rule previously set forth in *Chew* v. *Boyd*, 309 F.2d 857. The requirement relating to authentication of foreign official records now merely requires an official publication thereof, or a copy thereof, attested to by a person authorized to make the attestation, and accompanied by a final cerification as to the genuineness of the signature and official position (i) of the attesting person, or (ii) of any foreign official whose certificate of genuine-

---

[1] *Matter of* G—A—, 7 I. & N. Dec. 274, 375; *Matter of* M—, 8 I. & N. Dec. 453, 455.

Magistrate Court of the First Class at Suva, Fiji, of breaking, entering and larceny committed January 12, 1958 and was sentenced to 12 months imprisonment. His appeal on the ground that the sentence was too severe for the crime committed was dismissed on February 10, 1958 (Ex. 4).

The crime of breaking, entering and larceny is a crime involving moral turpitude. Inasmuch as the punishment actually imposed was more than six months, the crime is not classifiable as a petty offense under the provisions of section 1.3 of Title 18 of the United States Code.[1] The respondent is deportable as charged in the order to show cause. The respondent has been convicted of a crime involving moral turpitude not classifiable as a petty offense, and since he is not eligible for a waiver thereof under section 212(h) because of the lack of the required familial ties in the United States, he is ineligible for adjustment of status to that of a permanent resident. His application for that relief was properly denied. However, the special inquiry officer has granted the respondent voluntary departure in lieu of deportation. The Service is not opposed to that grant. The grant of voluntary departure will be approved.

Counsel in his brief and at oral argument contends that the proof of conviction adduced at the hearing (Ex. 4) is insufficient to support an order for deportation inasmuch as it is not accompanied by a certificate showing that the attesting officer had custody of the record as required by Rule 44 of the Federal Rules of Civil Procedure. In support of this contention he cites *Chew v. Boyd*, 309 F.2d 857 (9 Cir., 1962), and *McNeil v. Kennedy*, 289 F.2d 323 (D.C. Cir., 1962).

Rule 44 of the Federal Rules of Civil Procedure as amended December 31, 1967 (Title 28, Appendix, Fed. R. Civ. P., 1964 ed. Supp. III 1965–1967) deals with authentication of two types of official records. Rule 44(a)(2) made a change in the requirement for authentication of foreign official records as contrasted with authentication of domestic records, governed by Rule 44(a)(1), which adhered to the rule previously set forth in *Chew v. Boyd*, 309 F.2d 857. The requirement relating to authentication of foreign official records now merely requires an official publication thereof, or a copy thereof, attested to by a person authorized to make the attestation, and accompanied by a final cerification as to the genuineness of the signature and official position (i) of the attesting person, or (ii) of any foreign official whose certificate of genuine-

---

[1] *Matter of G—A—*, 7 I. & N. Dec. 274, 375; *Matter of M—*, 8 I. & N. Dec. 453, 455.

ness of signature and official position relates to the attestation or is in a chain of certificates of genuineness of signature and official position relating to the attestation. A final certificaion may be made by a secretary of embassy or legation, consul general, vice consul or consular agent of the United States or a diplomatic or consular officer of the foreign country assigned or accredited to the United States.

The Notes of the Advisory Committee on Rules states that the reference to authentication by "the officer having legal custody of the record," hitherto appearing in Rule 44, has been found inappropriate for official records kept in foreign countries where the assumed relationship between custody and the authority to attest does not obtain. Accordingly it is provided that an attested copy may be obtained from any person authorized by the law of the foreign country to make the attestation regardless of whether he is charged with responsibility for maintaining the record or keeping it in his custody. The Notes of the Advisory Committee go on to state that the difficulties are met under the amended rule by eliminating the element of the authority of the attesting foreign official from the scope of the certifying process, and by specifically permitting the usage of the chain-certificate method. Under this method, it is sufficient if the original attestation purports to have been issued by an authorized person and is accompanied by a certificate of another foreign official whose certificate may in turn be followed by that of a foreign official of higher rank. The process continues until a foreign official is reached as to whom the United States foreign service official has adequate information on which to base a "final certification."

In the instant case, the conviction record (Ex. 4) is signed by the clerk of the court as a certified true copy, followed by the seal of the magistrate's court, followed by a certification of an American vice consul that Ilaisa Seru Tulele, whose true signature and official seal are subscribed and affixed to the annexed document was, on the 24th day of May 1968, the date thereof, the Clerk of the Court, duly commissioned and qualified, to whose official acts faith and credit are due. Thus the authentication of the foreign document conforms fully with the Rule 44(a)(2) as amended February 28, 1966, effective July 1, 1966.[2]

**ORDERED:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] The provisions of 8 CFR 287.6 as amended November 29, 1967, embody the same distinction as amended Rule 44 as to domestic records and foreign records.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.