MATTER OF LAU

In Visa Petition Proceedings

A-21330675

*Decided by Board October 29, 1976*

(1) The United States citizen petitioner applied for preference classification for the beneficiary as his sister under section 203(a)(5) of the Immigration and Nationality Act which was denied by the District Director and petitioner appealed.

(2) Petitioner claimed that beneficiary was adopted by his parents in 1936. However, petitioner's mother stated that no adoption papers as required under the Civil Code of the Republic of China, Article 1079, were executed at the time beneficiary was adopted.

(3) Where no adoption papers were executed when the adoption took place, and the Chinese documents which were submitted to prove the relationship were conclusory in nature and there was an absence of specific facts establishing the claimed relationship, the evidence submitted was not sufficient to establish that beneficiary was petitioner's adopted sister within the meaning of section 101(b)(1)(E) of the Act, and the District Director's decision was correct.

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner applied for preference classification for the beneficiary as his sister under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated May 26, 1976, the District Director denied that petition. The petitioner has appealed from that denial. The appeal will be dismissed.

The petitioner is a 28-year-old male who is a native of China and a naturalized citizen of the United States. The beneficiary is a 48-year-old married female alien who is a native and citizen of China. She presently resides in Hong Kong.

The petitioner claims that the beneficiary was adopted by his parents in China in 1936; and that, therefore, the beneficiary is his sister. In support of his claimed relationship to the beneficiary, the petitioner has submitted a statutory declaration from Lee Chow Cheung, the petitioner's mother, various photographs of unidentified individuals; and several letters written in the Chinese language which appear to be addressed from the beneficiary to the petitioner (no translations were provided by the petitioner).

In her statutory declaration executed in Hong Kong on June 26, 1968, Lee Chow Cheung stated that Lau Kuen Cham is her blood son and was born in China in September of 1948; that she and her husband, Lau Yiu

Lam aka Lau Hai Sung adopted a daughter; that she was born on January 12, 1928; and that her name is Lau Choi Wah.

The Service reported in a memorandum dated May 24, 1976, that the petitioner and his mother, Lee Chow Cheung, were interviewed concerning the adoption of the beneficiary. The petitioner's mother stated that she married her husband on October 19, 1934; that her husband departed China for Cuba in February or March of 1936; that she adopted the beneficiary in 1936 just before her husband's departure; and that no adoption papers were executed at the time of the adoption.

On appeal, the petitioner submitted copies of documents which purport to be a Chinese "Birth Certificate" issued on February 16, 1976, by Kwong Mee-Fong, Officer in Charge, Bureau of Public Notary, Toi Shan District, Kwong Tung Province. Attached to the Chinese documents is a copy of a document signed by Lai Yan Fun, Deputy Director, Divison of Consular Affairs, Ministry of Foreign Affairs, People's Republic of China and dated May 12, 1976, which purports to certify that the seal and signature of the notary of the aforementioned documents are true. Copies of English translations of the Chinese documents are of record. The translator is identified as Whittier H. H. Cheng.

The English translation of the Chinese "Birth Certificate" certifies that Wong Choi Wah alias Lau Choi Wah, a female, was born on January 12, 1929, in Toi Shan District, Kwangtung Province, People's Republic of China; and that her adopted father is named Lau Hei-Chung alias Lau Yiu Lam and her adopted mother is named Lee Chow-Cheung. The English translation of the Chinese "Relationship Certificate" relates that the "Applicant" Wong Choi-Wah alias Choi-Wah, a female born in 1929, presently resides in Kowloon, Hong Kong; that the "Relations" Lee Chow-Cheung, a female born in 1913 presently resides in the United States and Lau Kuen-Cham, a male born in 1948, presently resides in the United States; and that the notary certifies that Wong Choi-Wah is the adopted daughter of Lee Chow-Cheung as well as the adopted elder sister of Lau Kuen-Cham.

In visa petition cases, the petitioner bears the burden to establish eligibility, *Matter of Brantigan,* 11 I. & N. Dec. 493 (BIA 1966). In order to support the claimed "brother-sister" relationship under section 203(a)(5), the petitioner has to establish that both he and the beneficiary once qualified as "children" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act. *Matter of Rehman*, Interim Decision 2450 (BIA 1975); *Matter of Garner*, Interim Decision 2357 (BIA 1975); *Matter of Heung*, Interim Decision 2334 (BIA 1974). Section 101(b)(1)(E) includes:

> a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with the adopting parent or parents for at least two years. . . .

The pertinent provision of the Civil Code of the Republic of China, Article 1079, required that an adoption of any child over the age of seven years be in writing. See *Matter of Tang*, Interim Decision 2159 (BIA 1972); *Matter of Kwok*, Interim Decision 2145 (BIA 1972). Although the beneficiary was about eight years old at the time of the alleged adoption, no adoption papers were executed at the time of the adoption according to the statement of the petitioner's mother.

With respect to the Chinese documents submitted by the petitioner on appeal, we point out that we do accept official foreign records when they fully comply with the procedural requirements relating to authenticity in 8 C.F.R. 287.6. See *Matter of Nand*, 13 I. & N. Dec. 336 (BIA 1969). However, while the Chinese documents submitted by counsel have the color of authenticity, we note that the information contained therein is insufficient to establish that the petitioner and the beneficiary are children of common parents. Upon review of the Chinese documents, we are unable to determine whether the documents were created contemporaneously with the births of the petitioner and the beneficiary. We also do not know whether birth records existed at the time the Chinese documents were executed on February 16, 1976. Further, we are unable to determine whether the "notary public" who signed the Chinese documents had a duty to record births, maintain legal custody of official records, or examine such records. Certainly, it is not clear whether a search of birth records or other official records was conducted. In the absence of specific facts establishing the claimed relationship, we find that the conclusionary statements contained in the Chinese documents have little probative value.

Accordingly, we conclude that the evidence submitted by the petitioner is not sufficient to establish that the beneficiary is the petitioner's adopted sister within the meaning of section 101(b)(1)(E). The result reached by the District Director was correct, and the appeal will be dismissed.

ORDER: The appeal is dismissed.