MATTER OF SHEN

In Visa Petition Proceedings

A-21676973

*Decided by Board October 4, 1978*

(1) As a general rule, a visa petition submitted by a mother on behalf of a child, regardless of the beneficiary's age, must be accompanied by the birth certificate of the child showing the name of the mother.

(2) Since birth certificates are nonexistent or unavailable in many countries, the Immigration and Naturalization Service may require secondary evidence in support of a visa petition such as civil, church, or school records, and photographs, as well as proof of unsuccessful efforts to obtain documentation.

(3) For persons born in Taiwan, an extract of household registration (showing the birth date and the names of the parents of each household member) is an official record comparable to a birth certificate for the purpose of establishing that the parties to a visa petition proceeding are mother and child.

(4) Where the petitioner failed to submit a Taiwanese extract of household registration respecting the birth of the child beneficiary but did submit supporting affidavits, a divorce agreement, and a renunciation of guardianship, case remanded to allow petitioner reasonable opportunity to submit additional evidence such as the extract of household registration or to explain its unavailability.

ON BEHALF OF PETITIONER:   Richard D. Steel, Esquire
636 Public Ledger Building
Sixth & Chestnut Streets
Philadelphia, Pennsylvania 19106

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The lawful permanent resident petitioner has appealed from the August 12, 1977, decision of the District Director denying a visa petition filed on behalf of her alleged daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The record will be remanded.

The petitioner claims that the beneficiary was born to her and her second husband, Chieh Jen Shen (whom she later divorced) on June 23, 1957, on Taiwan. The District Director denied the petition on the ground that the petitioner had failed to establish that the beneficiary was her child. He noted that the petitioner had failed to list the beneficiary on her application for an immigrant visa, Form FS-510, dated

February 3, 1976, when she was asked to identify her children under 21 years of age (Item 14). The District Director further noted that the petitioner listed her status as widowed (Item 9) and listed her husband as Chi Cheng, deceased (Item 13) on the same application. In addition, the District Director stated that the extracts of household registration submitted for the petitioner's household did not list the beneficiary. He concluded that inasmuch as the petitioner had presented only "a self-serving affidavit" to explain these discrepancies, the petition must be denied.

The petitioner has submitted affidavits executed by her and by two of her children by her first marriage attesting to the birth facts concerning the beneficiary.[1] The affidavits of the children state that they were present in the home when the beneficiary was born to the petitioner in 1957 on Taiwan.

In addition, the petitioner has submitted a photocopy (uncertified as to its accuracy with the original) and certified translation of an "Agreement of Divorce" between her and her second husband (the alleged father of the beneficiary), signed July 26, 1959, by both spouses in the presence of two witnesses. The agreement provides that Hsiao-Lei Shen, their daughter, is to be brought up by the mother until the father is able to assume this responsibility and that the father agrees to pay monthly support for the child. The petitioner has also submitted the original of a document and certified translation entitled "Paper for Renunciation of Guardianship," executed on April 26, 1977, by the beneficiary's father in which he renounces guardianship over her so that she can go to the United States and live with her mother. Neither of these documents bears an official or judicial seal or signature.

The petitioner contends, in essence, that the District Director minimized the probative value of the documents submitted by her in support of the petition and placed too much emphasis on the failure to list the beneficiary on the petitioner's visa application and the Taiwanese extract of household registration. She also maintains that the Service should be estopped from denying the visa petition in view of an assurance by a Service officer to her former attorney that "nothing further would be required" in support of the petition.

The petitioner states that the failure of the beneficiary to appear on the family registration indicates only that the beneficiary was not living in the household at that time. She has submitted an affidavit executed on August 26, 1977, by Reverend Clifford P.C. Liu (evidently her son-in-law) in support of this contention. Second, she claims that her failure to list the beneficiary as her child on her application for an immigrant

---

[1] All of the affidavits but one (June 29, 1977) were submitted subsequent to the District Director's decision with counsel's letter urging reconsideration of the District Director's decision denying the visa petition.

visa was inadvertent and due in part to language difficulties because she had thought that only minor children by her *first* husband were to be listed. She also states that the immigrant visa application was filled out by a travel agency and that she did not know everything that was in the application. See affidavits of Lydia Tung Chi Cheng, dated June 29, 1977, and August 29, 1977.

A petition submitted by a mother on behalf of a child, regardless of the child's age, must be accompanied by the birth certificate of the child showing the name of the mother. See 8 C.F.R. 204.2(c)(3). However, in many foreign countries, contemporaneous records of birth are not available and a petitioner must rely on secondary evidence such as civil, church, or school records, photographs, and other documentation to establish the claimed relationship. The Service may require proof of unsuccessful efforts to obtain documents claimed to be unavailable as well as the submission of additional evidence, including blood tests. See 8 C.F.R. 103.2(b)(1); see generally *Matter of Lau*, Interim Decision 2558 (BIA 1976); *Matter of Ng*, 12 I. & N. Dec. 27 (BIA 1966).

It appears that official birth certificates as defined by 8 C.F.R. 204.2(c)(3) are nonexistent on Taiwan. However, extracts of household registration are maintained for each Chinese national (other than military personnel and transients). Among the information listed on the household registration is the date of birth and the names of the parents of each household member. See Vol. 9, Foreign Affairs Manual, Appendix B, "China (Taiwan)." Consequently, an extract of household registration, being an official document, would be comparable to the birth certificate requirement contained in 8 C.F.R. 204.2(c)(3) for persons born on Taiwan. See Service Operations Instruction 204.2.

It does not appear that the petitioner has endeavored to obtain the most probative and reliable evidence to substantiate her claim that the beneficiary is her daughter. She has not submitted (or explained why it is unavailable) an extract of household registration, either for her or her former spouse's household, that does list the beneficiary. The documentation that she has submitted (the affidavits, the divorce agreement and the renunciation of guardianship) do have some probative value and cannot be dismissed as merely self-serving. Unfortunately, the petitioner's failure to claim the beneficiary as her child in proceedings to obtain her own immigrant visa has created an adverse inference of a fictitious claim that, in our opinion, has not been satisfactorily overcome.[2]

---

[2] If, as the petitioner maintains, a Chinese household registration lists only persons currently living in a certain household, then it seems curious that the petitioner was still listed on the extract of household registration, dated August 27, 1976, when her immigrant visa indicates that she was admitted to the United States for permanent residence on April 10, 1976. Also, the petitioner's explanations for the failure to list the beneficiary

At the same time, it appears that the District Director may not have been apprised of all of the evidence that the petitioner has submitted. First, counsel's letter of September 13, 1977, contends that the District Director overlooked a "TAI Form 3155," executed by the petitioner on March 3, 1976, allegedly referring to her second husband and the beneficiary. This document is not in the record before us and it is unclear whether it was submitted with the instant petition or with the petitioner's own application for an immigrant visa. Second, since the District Director's decision denying the petition does not refer specifically to either the "Agreement of Divorce" or to the "Renunciation of Guardianship," he may not have been aware of this evidence.

We have concluded that the record should be remanded to the District Director for further proceedings consistent with the foregoing discussion. The petitioner should be afforded a reasonable opportunity to submit additional evidence, such as an extract of household registration listing the beneficiary, or explain why this evidence is unavailable. The missing "TAI Form 3155" should be located if possible. The District Director should then render a new decision and serve it upon the interested parties in accordance with *Matter of Li Ganoza*, Interim Decision 2475 (BIA 1976) and *Matter of To*, 14 I. & N. Dec. 679 (BIA 1974). Accordingly, the appeal will be remanded.

ORDER: The record is remanded for further proceedings consistent with the foregoing opinion and the entry of a new decision.

on her immigrant visa application are not altogether convincing. She states that a travel agency filled out this application yet the application itself reflects that her son assisted her in filling out the form. Also, any language difficulty that created a misunderstanding concerning what children she was to list would not seem relevant since the visa application form is printed in Chinese as well as English.