## MATTER OF LIN LEE

### In Visa Petition Proceedings

### A-27220692

*Decided by Board April 28, 1987*

An extract of household registration records is acceptable evidence of family relationships in Taiwan.

ON BEHALF OF PETITIONER:
Sam H. Chang, Esquire
1724 "H" Street, N.W.
Washington, D.C. 20006

ON BEHALF OF SERVICE:
Steven R. Riemer
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated November 12, 1985, the district director denied the visa petition filed by the petitioner to accord the beneficiary preference status as her adoptive sister pursuant to section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(5) (1982). The petitioner has appealed from that decision. The appeal will be sustained.

The petitioner, a native of Taiwan and naturalized citizen of the United States, claims she was adopted in Taiwan by the beneficiary's natural parents, Lee, Shi-Yen (father), and Lee Huang, Tsun-Chiao (mother), in November 1938 when she was 1 month old. She states that the beneficiary was born in Taiwan to Lee, Shi-Yen, and Lee Huang, Tsun-Chiao, in October 1941. In support of her visa petition, the petitioner submitted an extract of household registration listing Lee, Shi-Yen, as head of household, which shows the beneficiary as first daughter and the petitioner as adopted daughter and states that the petitioner moved out of the household upon her marriage to Chang, Ann, in December 1955; a certificate documenting the petitioner's divorce from Chang, Ann, in January 1970; certificates documenting the beneficiary's marriage in March 1961 and the petitioner's second marriage in February 1971, which give their dates and places of birth as reported by the petitioner; and an affidavit executed by Lee, Shi-Yen, affirming that he and

his wife adopted the petitioner on November 1, 1938, when she was 1 month old.

In denying the visa petition, the district director cited the Board's decision in *Matter of Lau,* 16 I&N Dec. 115 (BIA 1976), for the proposition that "where no adoption papers were executed when the adoption took place, the Chinese documents which were submitted were conclusory in nature, and there was an absence of specific facts substantiating the claimed relationship, the evidence was not sufficient to establish that the beneficiary was the petitioner's adopted sister within the meaning of the Act." We agree with the petitioner that *Matter of Lau, supra,* is inapplicable in the present case.

The petitioner correctly points out that in the instant case, unlike in *Matter of Lau, supra,* no papers were required to create the adoptive relationship since the petitioner was brought up as a child of her adoptive parents since infancy. *See* Article 1079 of the Civil Code of China; *Matter of Lau,* 10 I&N Dec. 597 (BIA 1964). Moreover, the *Lau* case cited by the district director was concerned with the documentary evidence available to prove a claimed familial relationship in the People's Republic of China,[1] not in Taiwan.

The evidence of record, which is in all respects consistent with the facts claimed by the petitioner, establishes to our satisfaction that the beneficiary qualifies for the preference sought under section 203(a)(5) of the Act. The household registration offered by the petitioner is acceptable evidence of family relationships in Taiwan. *See Matter of Shen,* 16 I&N Dec. 612 (BIA 1978); *see also* Vol. 9, Foreign Affairs Manual, Part IV, Appendix B/C/E, "Taiwan." The affidavit of Lee, Shi-Yen, attests both to the fact of the adoption and to the satisfaction of the residence and legal custody requirements of section 101(b)(1)(E) of the Act, 8 U.S.C. § 1101(b)(1)(E) (1982), which defines "adopted child" for purposes of the Act. That affidavit is corroborated by new evidence submitted on appeal, which the district director had an opportunity to review, namely, an affidavit executed by three persons claiming personal knowledge that the petitioner had been adopted by the beneficiary's parents at the age of 1 month and that she had lived with her adoptive parents until her marriage in 1955. The appeal will be sustained and the visa petition will be approved.

ORDER: The appeal is sustained and the visa petition is approved.

---

[1] We note, too, that the Board recently reevaluated the position taken in *Matter of Lau,* 16 I&N Dec. 115 (BIA 1976), with respect to the weight to be accorded such evidence. *Matter of May,* 18 I&N Dec. 381 (BIA 1983); *see also Matter of Chu,* 19 I&N Dec. 81 (BIA 1984).