28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter Garabed KENT, also known as Thomas A. Baker, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9586.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Peter Garabed Kent appeals from an Order of the Board of Immigration Affairs (BIA) dismissing his appeal and affirming an Order of an immigration judge finding him deportable and denying his request for adjustment of status.
 
 
 3
 Kent, a thirty-six year old single male alien, native and citizen of Canada, last entered the United States on a nonimmigrant student visa in September, 1984. (R., at 0148). Having been admitted as a student, Kent was authorized to remain in the United States for the duration of his student status. Id. Kent stopped attending his authorized school in December, 1984. Id. His request for reinstatement to student status was denied on July 3, 1985.
 
 
 4
 On July 17, 1985, Kent filed an application for adjustment of status with the Immigration and Naturalization Service (INS) as the step-son of an American citizen. The application was denied based upon a finding that Kent had pled guilty in 1978 in Yukon, Canada, Territorial Court, to possession of marijuana for the purpose of trafficking. On December 13, 1988, the INS issued an Order to Show Cause and Notice of Hearing in which it alleged that Kent had "remained in the United States beyond 7/13/85 without authority of the United States" and charged that he was subject to deportation for "fail[ure] to comply with the conditions of the nonimmigrant status under which you were admitted." (R., at 0148).
 
 
 5
 During the subsequent deportation proceedings, evidence was introduced which established that: Kent had been charged with possession of a narcotic on September 8, 1975, but that the matter had been discharged after Kent served three months probation; Kent had been convicted in Canada in 1978 of possession of marijuana for the purpose of trafficking; and Kent had been granted a pardon for the 1978 conviction pursuant to a July 13, 1987, recommendation of the National Parole Board. Kent presented evidence of his good moral character, his rebellious stage during which he had become involved with drugs, and his subsequent religious involvement which culminated in his baptism in the Church of Jesus Christ of Latter-Day Saints. During the proceedings, Kent renewed his application for adjustment of status.
 
 
 6
 At the conclusion of the proceedings, the immigration judge found that: Kent was statutorily ineligible to adjust his status due to his Canadian drug conviction; Kent's Canadian pardon, being foreign in nature, was ineffective to remove this ground of inadmissibility; Kent was not eligible for adjustment of status because he was not in lawful immigration status at the time of his request for such adjustment; and, Kent's "deportability has been established by evidence which is clear, convincing, and unequivocal." (R., at 0049).
 
 
 7
 On appeal, Kent reasserted his argument that his Canadian pardon effectively vacated his Canadian drug conviction and that his 1985 application for adjustment of status should have been granted since the law at that time did not require that an alien be in status in order to file an application for adjustment of status. The BIA rejected Kent's arguments, finding that Kent's Canadian pardon was "ineffective for immigration purposes in this country" and that Kent "did not meet, in 1989, the statutory requirement ... that he be in lawful immigration status" when he filed his application for adjustment of status. (R., at 0005). The BIA dismissed Kent's appeal and affirmed the immigration judge's order finding him deportable.
 
 
 8
 On appeal, Kent contends that the BIA erred in determining that he was statutorily ineligible for the relief of adjustment of status and in determining that an immigrant visa was not available to him due to his Canadian controlled substances conviction notwithstanding his Canadian pardon. INS responds that Kent's foreign pardon failed to eradicate his ground of excludability and make him eligible for an adjustment of status "where Congress and the BIA have indicated that foreign pardons have no effect in United States immigration proceedings." (Brief for Respondent at 2). We agree.
 
 
 9
 An alien bears the burden of proof in the deportation proceedings. Kapcia v. Immigration & Naturalization Service, 944 F.2d 702, 707 (10th Cir.1991). Aliens who apply for suspension of deportation have the burden of proving both statutory eligibility for relief and the equities for a favorable exercise of discretion. Rivera-Zurita v. Immigration & Naturalization Service, 946 F.2d 118, 120 (10th Cir.1991). We review findings by BIA of whether an alien has met his or her burden of establishing status under the substantial evidence standard. Baka v. Immigration & Naturalization Service, 963 F.2d 1376, 1379 (10th Cir.1992).
 
 
 10
 Applying these standards to our case, we hold that Kent failed to meet his burden of proof and that the BIA did not err in dismissing Kent's appeal and in affirming the immigration judge's Order finding him deportable. The Order reads as follows:
 
 
 11
 We find then, that when the respondent filed his "renewed" application for adjustment of status before the immigration judge in deportation proceedings, in 1989, he had to meet the statutory and regulatory requirements for adjustment of status in effect at that time. Among the requirements was that the respondent was then in lawful immigration status. He was not. We note that the respondent conceded during his deportation hearing that he was not in lawful student status after December 15, 1984....
 
 
 12
 The respondent, therefore, did not meet, in 1989, the statutory requirement ... that he be in lawful immigration status at the time of his "renewed" adjustment of status application before the immigration judge. We will dismiss his appeal on that basis.
 
 
 13
 As noted, the respondent has also raised the issue of his pardon by the Canadian Governor General in Council, arguing that his pardon effectively vacated his ... Canadian drug conviction. We find that the respondent's pardon in this instance is ineffective for immigration purposes in this country.
 
 
 14
 As a general proposition, section 241(b) of the Immigration and Nationality Act, 1251(b), indicates that only "a full and unconditional pardon by the President of the United States or by the Governor of any of the several States" will be recognized as effective regarding deportability for crimes involving moral turpitude.... While not stated explicitly in the Act, it is clear that Congress, through its choice of language referencing domestic applicability under section 241(b), never intended that foreign pardons, no matter how unequivocal in their effect abroad, have applicability under the immigration laws of the United States. We have long held to that view. See Matter of B-, 7 I & N Dec. 166, 169 (BIA 1956); Matter of F-y G-, 4 I & N Dec. 717 (BIA 1952); see also Mercer v. Lence, 96 F.2d 122 (10th Cir.) 122 (10th Cir.1938), cert. denied, 305 U.S. 611 (1938).
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 Not only does the United States not recognize a foreign pardon to prevent an alien's deportability from the United States, it does not recognize a foreign pardon that would have the effect of providing grounds to waive an alien's crime for purposes of eligibility for discretionary relief from deportation. The respondent has offered no authority to the contrary. To find otherwise would result in the anomalous situation of having the alien subject to deportability due to a crime committed prior to entry or admission into the United States, but then allowing the alien to remain in the United States due to a foreign pardon under a waiver for discretionary relief of a ground to which he would otherwise be inadmissible.
 
 
 18
 (R., at 0004-06).
 
 
 19
 See also Mullen-Cofee v. Immigration & Naturalization Service, 976 F.2d 1375, 1377 (11th Cir.1992) (pardon for narcotics related conviction allegedly granted by Canadian Governor in Counsel did not alter deportability determination for alien charged with being deportable as a person convicted of a narcotic related offense); Marino v. Immigration & Naturalization Service, 537 F.2d 686, 691 (2nd Cir.1976) (for purposes of the United States immigration laws, a foreign pardon, in itself, does not wipe out an alien's foreign conviction or relieve him from the disabilities which flow therefrom).
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470